# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-51547
Conference Calendar

MARK DALTON SIMPSON

Plaintiff-Appellant

v.

SUSAN D REED, District Attorney; MRS C CHANDLER, Assistant District Attorney; PAT PRIEST, District Judge

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-684

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Mark Dalton Simpson, Texas prisoner # 1316290, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Simpson's motion to appeal IFP and certified that the appeal was not taken in good faith. By moving for leave to proceed IFP, Simpson is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Simpson also moves for appointment of counsel on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time in his brief, Simpson argues he is actually innocent of the offense of conviction, challenges the legal and factual sufficiency of the evidence, and raises new claims of ineffective assistance of counsel. These issues were not presented to the district court and will not be considered for the first time in Simpson's motion. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Simpson's motion addresses only the issues raised in his 42 U.S.C. § 1983 complaint. He does not brief any argument regarding the dismissal of his complaint as barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), immunity, and failure to exhaust state remedies. Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Simpson has not shown that the district court's determination that his appeal would be frivolous was incorrect. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Simpson's requests for IFP status and appointment of counsel are denied, and his appeal is dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Simpson is cautioned that the dismissal of his § 1983 suit by the district court pursuant to 28 U.S.C. § 1915A(e)(2)(B) and our dismissal of this appeal as frivolous both count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Simpson is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.